"The bequest to the appellant was not money or the proceeds of property, but of a certain, definite, specified thing, viz. the mortgage and bond for $10,000. * * * The thing given could be distinguished from all other property belonging to the testatrix at the time of her death could be readily identified if it existed, and delivered to the legatee as the particular thing given. This made it, within all the authorities to which my attention has been called, a specific legacy."

In the matter before me for determination the thing given and set apart and to be delivered to the specific legatee was the mortgage, not merely the principal sum secured by it, but also the interest moneys appendant to it. Fleming v. Carr, supra; Parkinson v. Parkinson, 2 Bradf. Sur. 77. See, also, Underhill, Law of Wills, § 409, as follows:

"A legacy of a bond or of a note carries with it, in the absence of statute requiring apportionment, all the interest which has accrued to the death of the testator."

That accrued interest passes with specific bequests of some securities has been held in this state. Thus in Matter of Hastings, 6 Dem. 307, it was held that dividends declared after death, which had been earned before death, went to the specific legatees of the stock. In Estate of William H. Boyer, N. Y. L. J., June 12, 1915, a bequest of bonds was held to carry with it the interest due and evidenced by attached coupons. In Matter of Gans, 60 Misc. Rep. 282, 286, 112 N. Y. Supp. 259, modified in other respects sub nom. Matter of Frankenheimer, 130 App. Div. 454, 114 N. Y. Supp. 975, affirmed 195 N. Y. 346, 88 N. E. 374, 133 Am. St. Rep. 803, it was held that a bequest of a $10,000 policy of insurance carried with it all its accretions.

I am in accord with the reasoning in the cases referred to, and construe the clause in question to contain a specific legacy of the mortgage mentioned, which carried with it the interest remaining unpaid at the time of the death of the decedent, as well as such interest as accrued thereafter.

Decreed accordingly.

---

(94 Misc. Rep. 17)

## In re ROWE'S ESTATE.

Surrogate's Court, Dutchess County.   July, 1915.)

WILLS ☞497(3)—CONSTRUCTION—DESIGNATION OF LEGATEES—GRANDCHILDREN.

Where a testator left his residuary estate in equal shares to such of the grandchildren of two deceased uncles as should survive testator, except one grandchild of each uncle otherwise provided for in the will, and by codicil provided for the children of one of his uncle's grandchildren, who predeceased the testator, other children of the grandchildren of either of the uncles are excluded, and the share of a grandchild who died after the testator goes to her next of kin.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1082; Dec. Dig. ☞497(3).]

Proceeding by the executors of the will of Horatio Rowe for a construction of his will.  Decree entered.

Decree affirmed, In re Judson, 157 N. Y. Supp. 1130.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. Lee Wager, of Rhinebeck, and Charles A. Hopkins, of Poughkeepsie, for petitioning executors.

Wm. J. & Wm. C. Roche, of Troy, for grandchildren.

Morschauser & Mack, Harry Arnold, and C. W. H. Arnold, all of Poughkeepsie, for great-grandchildren.

GLEASON, S. This is a proceeding by the executors of the will of Horatio Rowe, deceased, under section 2615 of the Code of Civil Procedure, to obtain a construction of the last will and testament of Horatio Rowe, deceased, who died March 20, 1914, the will being admitted to probate June 16, 1914. The will is dated May 8, 1907. There are four codicils thereto, dated respectively January 27, 1908, March 24, 1910, May 5, 1911, and February 24, 1912. The testator did not leave any children or descendants surviving him. The personal estate amounts to about $290,000, and the real estate $30,000. Construction is sought of the ninth clause of said will which reads as follows:

"Ninth. All the rest, residue and remainder of my estate and property both real and personal of whatever name or nature of which I may die seized or possessed I give devise and bequeath as follows:

"One-half thereof I give, devise & bequeath to the grandchildren of my Uncle Garrett M. Rowe deceased who may survive me in equal portions share and share alike. And the other half thereof I give, devise and bequeath to the grandchildren of my Uncle William M. Rowe deceased who may survive me share and share alike.

"Mary Rowe Lant is not to be included in the above bequest to the grandchildren of my Uncle Garrett M. Rowe deceased, and William Cookingham is not to be included in the above bequest to the grandchildren of William M. Rowe, deceased."

It is contended that children of grandchildren of Garrett M. Rowe, deceased, and of William M. Rowe, deceased, who predeceased the testator, are entitled to share in the residue disposed of by the above clause. With this contention I am unable to agree. The language of the ninth clause is clear and explicit. There is nothing in any other part of the will or of the codicil which confuses or throws any doubt upon the terms of that paragraph. In plain words, the testator gave one-half of his residuary estate to a class of persons whom he described as the grandchildren of his uncle, Garrett M. Rowe, and the other half to a class of persons whom he described as grandchildren of his uncle, William M. Rowe. In both cases the persons who were to take were those who survived the death of the testator. The gift was to classes.

At the time of the making of the will and at the time of the death of the decedent there were persons in existence who answered the description of such classes. I have studied the will carefully to ascertain an intention on the part of the testator that the term "grandchildren" should include great-grandchildren, but am unable to discover any such intent, either in the will itself, or the codicils thereto. In fact, the contrary seems to be the fact.

In paragraph third of said will he provides for Mary Rowe Lant, a grandchild of Garrett M. Rowe, and expressly states that she shall have no share in his residuary estate. In paragraph seventh, he provides for William Cookingham, a grandson of his uncle William M.

Rowe, deceased, and expressly provides that he is not to be included in the residuary bequest. In the third codicil, which is to me a significant indication of testator's intention, it provides for the children of Albert R. Carpenter, who was a grandson of Garrett M. Rowe, who predeceased the testator.

I have decided and determined that by the true construction of the will of the testator such persons only as fall within the description of grandchildren of the testator's uncles, Garrett M. Rowe and William M. Rowe, respectively, and who survived the testator, are qualified and are entitled to take under the provisions of the ninth paragraph of said will, except as to Isapheme Mott, granddaughter of William M. Rowe, who survived the testator, her next of kin are entitled to take the share which vested in their mother upon the death of the testator.

I direct that a decree be entered in accordance with the above decision. Decreed accordingly.

---

(94 Misc. Rep. 7)

### In re MILLIMAN.

(Surrogate's Court, Herkimer County. February, 1916.)

DESCENT AND DISTRIBUTION ⬤➡41—PERSONS ENTITLED—HALF-BLOOD COUS-
INS.

Under Decedent Estate Law (Consol. Laws, c. 13) § 88, subd. 4, providing for descent to the brothers and sisters of the mother of intestate and to the descendants of such as shall have died, where none of the heirs previously mentioned survive testator, and section 90, providing that relatives of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift from an ancestor, a decedent's maternal half-blood cousins inherit equally with the maternal whole-blood cousins.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 116, 117; Dec. Dig. ⬤➡41.]

Application by Harriet L. Milliman for decree establishing a right of inheritance to lands whereof Daniel H. Eastman died seised. Decree entered.

S. H. Newberry, of Little Falls, for petitioner.
Walter A. Swan, of Rochester, for Louise Graham.

BELL, S. Daniel H. Eastman died intestate November 13, 1914, seised and possessed of a farm situate in the town of Fairfield, this county, which descended to him from his father. He left no widow or descendant, no brother or sister, nor descendant of a deceased brother or sister, no paternal uncle or aunt, nor descendant of such deceased uncle or aunt. He left descendants of maternal uncles and aunts, both of the whole and half blood, to wit, first cousins, etc., of intestate, and hereinafter referred to as maternal whole or half blood cousins.

His maternal grandfather, Christian Barnhart, was married twice. First wife was Euphany Bodine, of which marriage were six children, half-blood brothers and sisters of decedent's mother. Second wife was Lydia Eastman, of which marriage were five children, one being de-